**Samuel J. PRIEST, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

March 10, 1967.

See also Del.Super., 193 A.2d 593.

James F. Kipp, Asst. Public Defender, for defendant below, appellant.

Michael N. Castle, Deputy Atty. Gen., for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

Samuel J. Priest was convicted of robbery. On this appeal, he asserts that oral and written confessions, admitted in evidence at his trial, were obtained in violation of his rights.

Earlier, we remanded this case for further information regarding the proceedings before the Municipal Court of Wilmington sitting as committing magistrate

in the cause. Clarified by further inquiry, these appear to be the determinative facts:

Priest was arrested on January 29, 1963 at about 3:30 A.M. on a charge of automobile theft. He was booked promptly on that charge and bail was set by the House Sergeant (under 11 Del.C. § 5711) at $500. Priest was unable to post the bail and was retained in custody at the police station.[1] Until about noon that day, the police interrogated him intermittently about several other automobile thefts. During the day, the questioning of another suspect implicated Priest in the subject robbery. At about 3:00 P.M. on January 29, the police began questioning Priest about the robbery. Within about an hour, he confessed orally;[2] he was booked on the robbery charge at about 5:00 P.M.; bail of $2,500. was set by the House Sergeant. Unable to post bail, Priest was kept at the police station overnight and, on the following morning at about 9:00 o'clock, he was brought before the Municipal Court for preliminary hearing.

After advising Priest of his constitutional rights, the Municipal Court continued the preliminary hearing until February 8 to give Priest opportunity to obtain counsel. Thereupon, the Municipal Court left Priest in police custody upon the bail set by the House Sergeant. Priest was not committed to the custodial authorities by judicial order. He was returned forthwith to the police station for further interrogation and, at about 11:00 A.M. on January 30, a written confession was taken from him on the robbery charge. At about noon, Priest was delivered by the police to a representative of the State Board of Corrections, under a "Holding Order" signed by the House Sergeant. Under such order, the Board of Corrections considered that

---

1. Priest testified that he was taken before the Municipal Court at about 9:00 A.M. on January 29 on the automobile theft charge. Neither police records nor court records show any proceeding involving Priest that morning. Accordingly, it is assumed that such appearance, if any, was a nullity for present purposes.

2. At the trial, Priest testified that a written statement was taken simultaneously. The police testified that the written statement was taken the next morning; there is documentary proof to that effect. On this appeal, the defendant concedes that the police version is correct.

Priest remained in the custody of the police; he was not transferred to the Board's control as under a commitment by a court. It was understood that the custodial authorities were obliged to comply with police instructions under such "Holding Order," which could be "abrogated" by the police at any time; that while "physical custody" was in the Board of Corrections, "his movement could be governed" by the House Sergeant; that the Board of Corrections was "merely holding him as a convenience for the City Police."

Priest remained in such custody and control until February 8, when he again appeared before the Municipal Court. A preliminary hearing was held on the robbery charge, bail was set by the court, and Priest was committed by the court, for want of bail, to the custody of the State Board of Corrections to answer the charge before the Superior Court.

Priest was tried before a jury on June 25–26, 1963 and found guilty. A motion for new trial was denied. See State v. Priest, Del.Super., 193 A.2d 593 (1963). On October 11, 1963, a sentence of imprisonment for 15 years was imposed and suspended, and Priest was placed on probation for 10 years. No appeal was taken. On March 5, 1965, Priest was found guilty of violation of probation and the 15 year prison sentence was reimposed. Thereafter, Priest filed a motion to correct illegal sentence under Superior Court Criminal Rule 35(a).[3] The motion was denied and Priest appeals.

I.

■ The defendant contends that he is entitled to a new trial because the incriminating statements, admitted in evidence, were obtained from him during police detention violative of Superior Court Rule 5 and 11 Del.C. § 1911.[4] Principal reliance is placed upon Vorhauer v. State, Del., 212 A.2d 886 (1965). This is insufficient as ground for new trial under Rule 35(a).

■ Rule 35(a) is not a substitute for a motion for new trial or for an appeal. Fundamentally, its purpose is to afford a post-conviction remedy to a defendant who claims that his conviction was obtained in violation of his constitutional guaranty of due process of law. Curran v. State, Del., 122 A.2d 126, 128 (1956). Rule 35(a) provides that a judgment of conviction may be vacated and set aside thereunder only when "there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack."

3. Rule 35(a) provides:

"(a) Correction of Illegal Sentence. The court may correct an illegal sentence at any time. A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside, or correct the same. Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is not entitled to relief, the court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner."

4. For the full text of Rule 5 and 11 Del. C. § 1911, see Vorhauer v. State, Del., 212 A.2d 886, 890, 891.

The defendant does not question the legality of his sentence *per se;* he attacks the legality of the sentence only insofar as it was based upon an allegedly invalid judgment of conviction. Such challenge may be made under Rule 35(a) upon constitutional grounds only. But that is not the case here.

■ The exclusionary rule the defendant seeks to invoke does not stand upon constitutional grounds. The rule of the *Vorhauer* case, proscribing confessions obtained during detentions violative of Rule 5 and 11 Del.C. § 1911, is an evidentiary rule resting upon the supervisory powers of this Court. Like the McNabb-Mallory rule from which it stems, the doctrine of *Vorhauer* is not founded upon constitutional grounds. Webster v. State, Del., 213 A.2d 298, 301 (1965); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1942); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

Also cited by the defendant in this connection are United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951) and United States v. Bellamy (4 Cir., 1964) 326 F.2d 389. Neither deals with the scope of review problem that controls here.

It appearing that this contention does not rise to constitutional proportions, it is not a proper ground for reversal of the judgment of conviction under Rule 35.[5]

## II.

The defendant asserts that he was deprived of equal protection of the laws in that, because he was unable to furnish bail, he was subjected to police interrogation to which another defendant, able to post bail, would not have been exposed. The defendant cites no authority in support of this argument. The contention is without merit.

■ The constitutional guaranty of equal protection of the laws does not require that all persons, however situated, shall have the same rights and be protected in doing the same things. The Equal Protection clause requires that all persons shall be treated alike under like circumstances and conditions, both in privileges conferred and liabilities imposed. It forbids invidious discrimination, but doth not require identical treatment for all persons without recognition of differences in relevant circumstances. VanWinkle v. State, 4 Boyce 578, 91 A. 385, 389 (1914); Douglas v.

5. We do not wish, however, to imply approval of the manner in which the confessions were obtained in this case.

The oral confession was obtained at 3:30 P.M. after Priest had been held at the police station for about 12 hours without the preliminary hearing required by Superior Court Rule 5 and 11 Del.C. § 1911. This was the situation even though a session of the Municipal Court was held in the same building at 9:00 A.M. that morning. Such delay of preliminary hearing may be vulnerable to attack as being unreasonable. See Webster v. State, Del., 213 A.2d 298 (1965). Delay in preliminary hearing may not be justified on the ground that police activity was required to investigate other unsolved crimes for which there was no probable cause to arrest the accused. See Ricks v. United States (1964) 118 U.S.App.D.C. 216, 334 F.2d 964; United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 102, 96 L.Ed. 48 (1951).

As to the further interrogation and written confession obtained the next morning, after appearance for preliminary hearing before the Municipal Court and continuance for opportunity to obtain counsel: one of the ultimate purposes of the preliminary hearing before a judicial officer under Rule 5 is to remove a prisoner from police control to judicial control as soon after arrest as is reasonably possible. See McNabb v. United States, 318 U.S. 332, 343, 63 S.Ct. 608, 614, 87 L.Ed. 819 (1943). Here, the Municipal Court returned the defendant to police custody for several days and failed to assume judicial control by committing the defendant to correctional authorities under a judicial warrant. This may be deemed violative of the conceptual scheme of Rule 5 and the McNabb-Mallory rule. See Ricks v. United States, supra; Trilling v. United States (1958), 104 U.S.App. D.C. 159, 260 F.2d 677; Reaffirmation of Confessions, 72 Yale L.J. 1434, 1440–1446 (1963).

People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Compare Rigney v. Hendrick (3 Cir., 1965) 355 F.2d 710, where an indigent, in jail for inability to furnish bail, was subjected to a police line-up; the Court refused to find a denial of equal protection of the laws, stating:

> "Admittedly, there is a classification between those who can and those who cannot make bail. The Constitution, however, permits such a classification, and any differences here, arise solely because of the inherent characteristics of confinement and cannot constitute invidious discrimination."

■ The defendant does not compare his treatment with that accorded others in like circumstances; rather, he contrasts his treatment with that accorded those in other circumstances. The distinction does not constitute the invidious discrimination prohibited by the constitutional guaranty. The defendant was not deprived of equal protection of the laws.

## III.

■ Finally, the defendant argues that he was denied his constitutional right to counsel at the police station, relying upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). He relies also upon People v. Dorado, 62 Cal.2d 338, 42 Cal.Rptr. 169, 398 P.2d 361 (1965) and United States ex rel. Russo v. State of New Jersey (3 Cir., 1965) 351 F.2d 429, in support of contentions that were settled, basically, in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The case before us was tried on June 25–26, 1963. *Escobedo* applies only to cases in which the trial began after June 22, 1964; *Miranda* applies only to cases in which the trial began after June 16, 1966. Parson v. State, Del., 222 A.2d 326 (1966). Obviously, neither *Escobedo* nor *Miranda* may be invoked successfully here.

\* \* \*

We conclude that the defendant has failed to show any violation of his constitutional rights at trial. Accordingly, the order appealed is affirmed.