**Michael J. DONAHUE**

v.

**STATE of Delaware.**

Superior Court of Delaware.

New Castle.

Oct. 14, 1969.

**290**

John E. Babiarz, Jr., Wilmington, for Michael J. Donahue.

Francis A. Reardon, Dept. of Justice, Wilmington, for the State.

QUILLEN, Judge.

The petitioner, Michael J. Donahue was arrested in the City of Wilmington on a series of narcotic drug and dangerous drug offenses, including both felonies and misdemeanors, pursuant to the recently amended Delaware law. House Substitute 1 for House Bill No. 113 as amended by House Amendment 1. 57 Del.Laws, Ch. 101.

The petitioner was brought before the Municipal Court of the City of Wilmington on Saturday, October 11, 1969. The Municipal Court Judge directed that the case should be transferred immediately to the Superior Court because of the jurisdictional provision of the new statute. 11 Del.C. § 4732. The Municipal Court Judge did fix bail at $1,000 per charge on the eight charges pending further proceedings in the Superior Court. The petitioner was committed in lieu of bail.

The petitioner on October 13, 1969, filed a writ of habeas corpus, which was heard that day. The petitioner argues that, if the Municipal Court Judge was correct in transferring the case to the Superior Court because of the jurisdictional provision of the new law, then the Municipal Court Judge had no authority under the law to fix bail thereon and his commitment is unlawful.

Given the ruling of the Court below, the petitioner's argument has merit. But, it seems to me, the argument is based on a false premise made both by the Court below and the petitioner here. The statutory jurisdiction provision which is creating the difficulty and which the Municipal Court evidently felt changed their prior practice reads as follows:

> "The Superior Court of the State of Delaware shall have exclusive original jurisdiction of any violation of this chapter any other Delaware law notwithstanding."

Several important legal questions have arisen under this statute. I deal only with those which have been raised by the petitioner in this case. The Municipal Court has interpreted the statute as divesting it from jurisdiction as a committing magistrate for any drug cases in Chapter 47, Title 16. In short, Rule 5, with its provision for preliminary hearings, would have no application in any drug offenses, be they felonies or misdemeanors.

But the grant of exclusive jurisdiction to the Superior Court does not alter the prior practice in regard to committing magistrates at all. The Superior Court has always had exclusive original jurisdiction of all felony cases and the Justices of the Peace and the Municipal Court, acting as the committing Justice of the Peace in the City of Wilmington, have performed the functions of committing magistrates. For this purpose these Courts serve as necessary arms of the Superior Court. The new law does not alter the commitment practice at all. Indeed, orderly procedure demands that the arrested person be brought before a magistrate with dispatch in order to determine if it is appropriate to hold him for the Superior Court. The committing magistrate procedure is a vital part of the Superior Court's original jurisdiction.

The purpose of the new law is clear. The purpose of the new law is to vest exclusive original misdemeanor jurisdiction

in the Superior Court for trial pursuant to the normal procedures of the Superior Court. When an offense is within the exclusive jurisdiction of the Superior Court, the prosecution must be by indictment in the Superior Court. Superior Court Criminal Rule 7, Del.C.Ann. The very procedure demands interim action by a committing magistrate.

I hold that 11 Del.C. § 4732 does not divest the Municipal Court of its limited jurisdiction as a committing magistrate for the Superior Court. The Municipal Court will continue to serve that function in all drug cases, both felonies and misdemeanors, where the trial jurisdiction under the new law is vested in the Superior Court. Since Rule 5 does not distinguish between felonies and misdemeanors, probably because misdemeanors were not contemplated, the preliminary hearing procedure under the "exclusive original jurisdiction" statute should be followed in both felonies and misdemeanors. It should be specifically noted that this opinion does not thereby conclude that preliminary hearings must be held in all misdemeanor cases. I understand that that question is now before the Supreme Court. The decision here is narrow and results from the exclusive grant of misdemeanor drug jurisdiction to the Superior Court under present procedures.

Accordingly, the commitment by the Municipal Court following the arrest of the petitioner was not illegal. The petition for a writ of habeas corpus must be denied. It is so ordered.

The petitioner, as an accused in a criminal case where exclusive original jurisdiction is vested in the Superior Court, is entitled to his full rights before a committing magistrate. Such proceedings should take place in the Municipal Court as heretofore. The Court is certain that the Municipal Court will cooperate in arranging a preliminary hearing within a reasonable time as to the present charges against the petitioner.