**STATE of Delaware, By the Attorney General, David P. BUCKSON, Petitioner,**

**v.**

**Robert H. WAHL and A. James Gallo, Judges of the Court of Common Pleas, in and for New Castle County, Respondents.**

Supreme Court of Delaware.

Feb. 4, 1970.

David P. Buckson, Atty. Gen., Jerome O. Herlihy, Deputy Atty. Gen., and Francis A. Reardon, State Prosecutor, Wilmington, for petitioner.

Stanley C. Lowicki, Wilmington, for Justin G. Church.

Joseph H. Flanzer, Wilmington, for John A. Bright.

Stuart B. Young, Wilmington, for Leslie P. Welch.

Norman N. Aerenson, Wilmington, for Stefan Bjornson.

Daniel M. Kristol, Wilmington, for James J. Pierce.

Harold Leshem, Wilmington, for Robert C. Regensburg.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The crux of this certification[1] is the question of whether a defendant is entitled to a preliminary hearing when brought be-fore a justice of the peace (hereinafter "magistrate") charged with a misdemeanor, the trial and final disposition of which is not within the magistrate's jurisdiction.

The certification arises indirectly from prosecutions in which the defendants are charged with possession of marijuana, a misdemeanor in violation of 16 Del.C. § 4702.[2] The stipulated facts may be restated as follows:

I.

An automobile occupied by the six defendants was stopped by the police in Fairfax for a motor vehicle violation. Upon looking into the automobile, the police saw a packet of marijuana and a pipe on the floor. All six occupants were thereupon arrested and charged with possession of marijuana. The defendants were immediately brought before a magistrate on that charge; several requested preliminary hearings; others demanded dismissal for want of a preliminary hearing. A date was set for preliminary hearings.

At the appointed time, the Deputy Attorney General announced the State's position to be that the defendants were not entitled to preliminary hearings on misdemeanor charges; that, therefore, the State had no evidence to present at that time. After due consideration, the magistrate denied the applications for preliminary hearings or dismissal.

The magistrate lacked original jurisdiction to try and finally determine the offense here involved because such jurisdiction has not been expressly conferred by Statute.[3] Accordingly, the cases were sent

---

1. Rule 20 of this Court provides that, within the discretion of this Court, the Superior Court, *inter alia*, may certify questions of law arising in any cause before it where the questions relate to the constitutionality, construction, or application of a statute of this State which has not been, but should be, settled by this Court.

2. This case is governed by 16 Del.C. Ch. 47 as it existed prior to the major 1969 Amendments. See 57 Del.L. Ch. 101.

3. 11 Del.C. § 2701(a) provides in pertinent part:
 "§ 2701. Original jurisdiction
 "(a) The justices of the peace shall have original jurisdiction to hear, try and finally determine misdemeanors alleged to have been committed, only when such jurisdiction is expressly conferred by law.
 * * * *."

to the New Castle County Court of Common Pleas which had original jurisdiction concurrently with the Superior Court. In the Court of Common Pleas, the defendants renewed their applications for preliminary hearings there or, in the alternative, to have the cases remanded to the magistrate for preliminary hearing or dismissal. The Court of Common Pleas remanded the cases to the magistrate for preliminary hearings.

Thereupon, the State filed in the Superior Court a petition for writ of prohibition seeking to prevent the Court of Common Pleas from carrying out such remand, asserting lack of jurisdiction. This certification arises from those Superior Court proceedings.

## II.

The questions certified are these:

"1. Must the State produce evidence at a Justice of the Peace Court at a preliminary hearing for all misdemeanors and violations of the Motor Vehicle Code where such violations are not to be originally tried in the Superior Court?

"2. What is the meaning of 11 Del.C. § 5913, 5914 and 5915 in connection with Question 1 above?

"3. Are the answers to questions 1–2, inclusive, influenced in any way by the manner of arrest, to wit: whether such arrest was made on view or whether it was made pursuant to a previously obtained arrest warrant?

4. These Statutes provide as follows:

"§ 5913. Proceedings on arrest

"Upon the arrest of any person according to the provision of this chapter, the justice of the peace, before whom he is brought in the county where the offense was committed, shall try the case so far as to determine whether the defendant ought to be discharged, or bound for his appearance at court, or held to answer finally before the justice. In which last case, the justice shall proceed to hear fully and to determine the case. But if the matter is not properly cognizable before the justice for final decision, he shall commit, or bind the party for his appear-

"4. Are the answers to questions 1–2, inclusive, determined or influenced by the original jurisdiction of the trial of the particular charge, to wit: does it make any legal difference that a particular misdemeanor cannot be tried in a Justice of the Peace Court in order to determine the guilt or innocence of the person charged?

"5. If the State does not produce evidence at a preliminary hearing (presuming one is required), what is the effect upon the later trial of such action in the Justice of the Peace Court or the Court of Common Pleas or Superior Court?"

## III.

The preliminary hearing here under consideration has for its objective the determination of whether there is probable cause for the accusation and whether the person accused should be held for trial before another court having jurisdiction to hear and finally determine the cause.

The basic question before us is whether the accused is entitled to such preliminary hearing before a magistrate in a misdemeanor case as to which the magistrate lacks jurisdiction for trial and final determination.

There is no common law right to such preliminary hearing. 21 Am.Jur.2d "Criminal Law" § 442. Accordingly, the right must have statutory basis. We find such basis in 11 Del.C. §§ 5913–5915.[4]

ance at the court having cognizance of the case."

"§ 5914. Preliminary hearing; examination

"A justice of the peace shall conduct a preliminary hearing in accordance with the Rules of Criminal Procedure for the Superior Court. At such hearing he may examine the party accused, taking his voluntary declarations, without threats or promises, and shall also examine the witnesses in the presence of the accused."

"§ 5915. Procedure where probable ground for accusation is found

"If a justice of the peace considers there is probable ground for an accusation, he

By § 5913, it is provided that when any person is arrested and brought before a magistrate, the case shall be tried "so far as to determine whether the defendant ought to be discharged, or bound for his appearance at court, or held to answer finally before the justice." If the "matter is not properly cognizable before the justice for final decision, he shall commit, or bind the party for his appearance at the court having cognizance of the case." It is noteworthy at this point that the latter provision is silent as to the course to be followed if there is insufficient evidence to bind the defendant for appearance at the court having jurisdiction.

By § 5914, it is provided that a magistrate shall "conduct a preliminary hearing in accordance with the Rules of Criminal Procedure for the Superior Court."[5]

By § 5915, it is provided that if the magistrate finds probable cause, he shall bind the defendant, with sufficient surety, "for his appearance at such court having jurisdiction of the offense." Here again, it is noteworthy that the Statute is silent as to the course to be followed if the magistrate finds no probable cause.

■ Certain ambiguities notwithstanding, we think it clear from the above statutory scheme that, unless waived, the defendants in the instant case were entitled to

---

shall, in case of a capital crime, commit the accused for trial, and in any other case bind him, with sufficient surety, for his appearance at such court having jurisdiction of the offense for the county where the offense is alleged to have been committed; and, if he does not give such surety, shall commit him for trial.
"* * * *."

5. Superior Court Criminal Rule 5 provides:
"RULE 5. PROCEEDINGS BEFORE THE COMMITTING MAGISTRATE
"(a) Appearance. An officer making an arrest with or without a warrant or any other authorized peace officer shall take the arrested person without unreasonable delay before either the nearest available Justice of the Peace of the county in which the offense is alleged to have been committed or before the court out of which the warrant issued, in accordance with the command of the warrant. When an arrest is made without a warrant, a complaint shall be made as soon as the accused is brought before a committing magistrate.
"(b) Statement by the Committing Magistrate. The committing magistrate shall inform the defendant of the complaint against him, and of any affidavit filed therewith, of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel, and of his right to have a preliminary hearing. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The committing magistrate shall allow the defendant reasonable time and

opportunity to consult counsel and shall admit the defendant to bail as provided in these rules.
"(c) Preliminary Hearing. The defendant shall not be called upon to plead. If the defendant waives preliminary hearing, the committing magistrate shall forthwith hold him to answer in the Superior Court. If the defendant does not waive hearing, the committing magistrate shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the committing magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the committing magistrate shall forthwith hold him to answer in the Superior Court; otherwise the committing magistrate shall discharge him. The committing magistrate shall admit the defendant to bail as provided in these rules. After concluding the proceedings the committing magistrate shall transmit forthwith to the prothonotary for the proper county all papers in the proceeding and any bail taken by him."
Rule 2 of the Criminal Procedure Rules for Justices of the Peace, duly approved by the Supreme Court, is almost exactly the same as Superior Court Rule 5. The principal difference is that Rule 5(c) requires the committing magistrate to hold the defendant "to answer in the Superior Court", upon waiver of hearing or finding of probable cause, whereas Rule 2 requires that in such situation the defendant be held "to answer in the appropriate court."

a preliminary hearing before the magistrate on the question of probable cause, held in accordance with the procedures set forth in Superior Court Criminal Rule 5; that they were entitled to prompt exoneration and discharge upon a finding of no probable cause; or that upon a finding of probable cause they should have been bound and held for appearance in the Court of Common Pleas.

■ It may be argued that relevant ambiguities in §§ 5913–5915 arise from the silences in § 5913 and § 5915, noted above, as to the course of action to be taken by the magistrate if there is insufficient evidence to establish probable cause and to warrant holding the defendant for appearance in the court having jurisdiction. But any such ambiguity is clarified by necessary implication. It is necessarily implied in § 5913 and § 5915, in our opinion, that the magistrate must exonerate and discharge a defendant, charged with an offense not within the magistrate's jurisdiction for final disposition, if upon the preliminary hearing required by those Statutes, there is insufficient evidence to establish probable cause and justify holding the defendant for appearance in the court having jurisdiction. For the type of case here under discussion, the magistrate sits as a committing magistrate within the time-honored meaning of that term. See Donahue v. State, Del. Super., 258 A.2d 289 (1969).

■ The State contends that the Statutes and Rules discussed above were intended to apply to felony cases only. There is nothing on the face of the Statutes to so limit their application. As to Superior Court Criminal Rule 5, while that Rule does refer to holding defendants for the Superior Court only, nothing more is to be expected in a Superior Court Rule. The reference in § 5914 to the Rules of Criminal Procedure for the Superior Court (i. e., Rule 5(c)) constitutes an incorporation by reference of the procedures to be followed in preliminary hearings before magistrates—not a limitation upon the scope and purpose thereof. The mandate of § 5914 in this respect

has been further implemented by Rule 2 of the Criminal Procedure Rules for Justices of the Peace which re-promulgated all the procedural provisions of Rule 5, but quite properly broadened their application to the holding of defendants for "the appropriate court" rather than for the Superior Court only.

Accordingly, we hold that under the law of this State, unless waived, a defendant is entitled to a preliminary hearing when brought before a magistrate, charged with a misdemeanor, the trial and final disposition of which are not within the magistrate's jurisdiction.

## IV.

We turn now to the specific questions certified:

It will be noted that Questions 1 and 2 are addressed to "all misdemeanors and violations of the Motor Vehicle Code where such violations are not to be originally tried in the Superior Court." It will be noted that Question 3 involves alternative arrest situations.

These questions go beyond the issues in the cause below from which this certification has arisen. The cause below does not involve "all misdemeanors and violations of the Motor Vehicle Code"; it involves charges of violation of a specific misdemeanor as to which the magistrate lacks original jurisdiction. And in the cause below, the arrest was made on view and not pursuant to a previously obtained arrest warrant.

■ In responding to certified questions, we limit our decision to issues properly raised in the cause below from which the certification arose. We decline to answer questions which are irrelevant to the cause below and which would convert answers to certified questions into advisory opinions for other cases.

Accordingly, we do not answer each of the certified questions in the form pre-

sented. We answer them, insofar as they are relevant to the cause below, by means of our discussion in Point III hereof.

 We have further comment, however, as to Question 5: If the State does not produce evidence at preliminary hearings before the magistrate without delay, the defendants may not be held further for appearance and trial in the Court of Common Pleas or the Superior Court. The right to a preliminary hearing before being held for trial in another court is an important right in our system. See Vorhauer v. State, Del.Supr., 212 A.2d 886 (1965); Webster v. State, Del.Supr., 213 A.2d 298 (1965); Priest v. State, Del.Supr., 227 A.2d 576 (1967). The right must be protected and preserved to the end that innocent persons may have speedy exoneration and release; and it may not be avoided or delayed out of existence by prosecutorial tactics.[6] And where the right to preliminary hearing exists, it is a right to a speedy hearing. The public policy of this State as to the right of speedy preliminary hearing is evidenced by 11 Del.C. § 1911,[7] Superior Court Criminal Rule 5, and Rule 2 of the Criminal Procedure Rules for Justices of the Peace. The Statute requires that the judicial process be initiated by bringing the arrested person before a magistrate "without unreasonable delay," and within 24 hours after arrest, if possible; and the Rules require that, if preliminary hearing is not waived, the magistrate shall hear the evidence on the issue of probable cause "within a reasonable time" thereafter.

These youthful defendants have been under the cloud of these criminal charges since their arrest in September 1968. They are entitled to a hearing on probable cause and either exoneration or trial without further delay. The adage that justice delayed is justice denied seems especially apposite here.

For the guidance of the Superior Court, we express the view that the State should be ordered to afford these defendants preliminary hearings within a specified number of days, or that the charges be ordered dismissed.

6. See United States v. Green (U.S.D.C.S. N.Y.) 305 F.Supp. 125, 130–134 (1969) for a scholarly discussion of the importance of the preliminary hearing, its dual function regarding probable cause and trial-saving discovery, and the disfavored tactics of some prosecutors to avoid the preliminary hearing by continuances thereof until after indictment.

7. 11 Del.C. § 1911 provides:
"§ 1911. Hearing without delay; permissible delay
"If not otherwise released, every person arrested shall be brought before a

magistrate without unreasonable delay, and in any event he shall, if possible, be so brought within 24 hours of arrest, Sundays and holidays excluded, unless a Resident Judge of the county where he is detained or of the county where the crime was committed for good cause shown orders that he be held for a further period of not exceeding 48 hours."