**Hal SMITH, Jr., Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted July 8, 1975.

Decided Sept. 4, 1975.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellant.

James S. Green, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice and DUFFY and McNEILLY, Justices.

HERRMANN, Chief Justice:

The defendant appeals his conviction of the first degree murder of his wife. He appeals on the grounds of delay and subsequent denial of a preliminary hearing and his incompetency to stand trial stemming from a claim of amnesia. Finding both contentions unpersuasive, we affirm.

The defendant alleges that improper prosecutorial tactics deprived him of a preliminary hearing as provided by Superior Court Criminal Rule 5(c),[1] thereby violating his procedural due process rights.

Arrest took place on March 10, 1973, with a preliminary hearing initially scheduled for March 21. However, at the State's request, three continuances were granted—to April 4, April 18, and April 19, 1973. The last extension of one day was conceded by the prosecution to be for the purpose of securing a prior indictment, the purpose of which, like a preliminary hearing, is to determine probable cause. *State v. Wahl*, Del.Supr., 263 A.2d 297, 299 (1970). Purportedly, the reason for the previous continuances was to shield defendant's two daughters, alleged witnesses to the murder, from being upset at having to relate under examination their recollection of the death of their mother. It is asserted that the delay of approximately forty days without a preliminary hearing, subsequently precluded altogether by the intervening indictment, was unnecessarily and

[1]. Prior to being amended on May 1, 1974, Rule 5(c) read:

"(c) Preliminary Hearing. The defendant shall not be called upon to plead. If the defendant waives preliminary hearing, the committing magistrate shall forthwith hold him to answer in the Superior Court. If the defendant does not waive hearing, the committing magistrate shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the committing magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the committing magistrate shall forthwith hold him to answer in the Superior Court; otherwise the committing magistrate shall discharge him. The committing magistrate shall admit the defendant to bail as provided in these rules. After concluding the proceedings the committing magistrate shall transmit forthwith to the Prothonotary for the proper county all papers in the proceeding and any bail taken by him."

deliberately excessive, and deprived defendant of a valuable opportunity for pretrial discovery through disclosure of the State's case and cross-examination of its witnesses.

■ Probable cause may be found by either preliminary hearing or by indictment. *Joy v. Superior Court*, Del.Supr., 298 A.2d 315 (1972). An indictment eliminates both the need for, and right to, a subsequent preliminary hearing. The delay and subsequent denial of a preliminary hearing do not, *per se*, taint the State's case against the defendant. *See Jenkins v. State*, Del.Supr., 305 A.2d 610, 615 (1973).

■ There has been no showing here of actual prejudice by reason of the avoidance of a preliminary hearing. In response to defendant's claim of the right to preliminary hearing as a discovery tool, this Court has previously held in *Jenkins* that "* * * discovery is only incidental to, and is not a purpose of, the preliminary hearing." 305 A.2d at 615. Moreover, the Trial Court granted defense requests to interview the prosecution's witnesses. This, in our view, has dulled any conceivable prejudice claimed to have been suffered by

the denial of discovery opportunities "incident" to a preliminary hearing.

■ As to defendant's claim of improper prosecutorial tactics [2] there has been no sufficient showing here of evasive intent by the prosecution. Proof that delay was occasioned for the purpose of securing an intervening indictment is found only for the one day extension from April 18 to April 19. The other six weeks of continuances appear to have been motivated by a desire to avoid the necessity of the defendant's children, the chief prosecution witnesses, having to testify so soon after the death of their mother. Laying aside the question of whether this was a valid reason for rescheduling a preliminary hearing, it does not suffice to show disfavored tactical maneuvering in the circumstances of this case.[3]

II

■ Defendant's second contention is that he was "incompetent to stand trial due to his amnesia concerning the events surrounding the death of his wife." In light of the fact that defendant's own expert witness on this point testified repeatedly that he could not attest that defendant was

2. "The right [to a preliminary hearing] must be protected and preserved to the end that innocent persons may have speedy exoneration and release; and it may not be avoided or delayed out of existence by prosecutorial tactics." *State v. Wahl*, 263 A.2d at 302.

3. We note that Superior Court Criminal Rule 5(c) has been modified to require a preliminary hearing within ten days after arrest. Although not applicable to this case, the prosecution of which predated the Amendment's effective date, the new rule reflects the policy of speedy alleviation of uncertainty as to probable cause.

Rule 5(c) now reads:

"(c) Scheduling Preliminary Hearing. A defendant is entitled to a preliminary hearing, unless waived. If the defendant waives preliminary hearing, the committing magistrate shall forthwith hold him to answer in the Superior Court. If the defendant does not waive the preliminary hearing, the committing magistrate shall schedule a preliminary hearing.

Such hearing shall be held within a reasonable time but in any event *not later than 10 days* following the initial appearance if the defendant is in custody and no later than 20 days if he is not in custody, provided, however, that the preliminary hearing shall not be held if the defendant is indicted or if an information against the defendant is filed in Superior Court before the date set for the preliminary hearing. With the consent of the defendant and upon a showing of good cause, taking into account *the public interest in the prompt disposition of criminal cases,* time limits specified in this subdivision may be extended one or more times by a committing magistrate. In the absence of such consent by the defendant, time limits may be extended by a judge of the Superior Court or of the Municipal Court for the City of Wilmington only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." (emphasis added.)

amnestic[4] and, further, that the accused had related to him the circumstances and events of his wife's death,[5] amnesia, sufficient to show incompetence to stand trial, was not proved. As this Court noted in *Parson v. State,* Del.Supr., 275 A.2d 777, 787 (1971), competency to stand trial in an amnesia case only becomes relevant "when amnesia concerning the circumstances of the crime is the fact." Since a threshold factual finding of amnesia was not made, this ground of appeal is without merit.

\* \* \*

Affirmed.

4. "Q You can't tell us that he has amnesia; can you?
A I can't tell you that he did, does or does not."
\* \* \* \* \*
"Q Now, he does not have amnesia; does he?
A I don't know."

5. "Q Did he discuss with you the nature of his wife's death, how she happened to die?
A Eventually he did. \* \* \*"