IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EVERETT E. SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 155, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1211004907 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 2, 2015
Decided: February 4, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## <u>O R D E R</u>

This 4th day of February 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)     On September 6, 2013, after a three day trial, a Superior Court jury found the appellant, Everett Smith, guilty of Attempted Robbery in the Second Degree and Criminal Mischief. On December 13, 2013, the Superior Court declared Smith a habitual offender under 11 *Del. C.* 4214(a). On March 13, 2014, Smith was sentenced as follows: (i) for Attempted Robbery in the Second Degree as a habitual offender under 11 *Del. C.* 4214(a), seven years of Level V

incarceration; and (ii) for Criminal Mischief, thirty days of Level V incarceration suspended for six months of Level III probation. This appeal followed.

(2) On appeal, Smith's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed Smith of the provisions of Rule 26(c) and provided Smith with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Smith of his right to identify any points he wished this Court to consider on appeal. Smith has raised several issues for this Court's consideration. The State has responded to the issues raised by Smith and moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(5) Before trial, the Superior Court ordered Smith to undergo a psychiatric evaluation for his competency to stand trial and his mental status at the time of the offense. A written evaluation by the Delaware Psychiatric Center ("DPC") was filed under seal on May 2, 2013. On May 7, 2013, a Superior Court Commissioner provided the evaluation to the parties and asked them to notify the Superior Court within ten days if a competency hearing was necessary. If no response to the letter was received, trial was scheduled for June 11, 2013.[2] No request for a competency hearing was filed.

(6) The following evidence was presented at trial. Gamal Hegab, a cashier at Star Pizza, was working the night of October 28, 2012. Hegab testified that a customer bought food around 10 p.m., paid with a twenty dollar bill, received his change, and left Star Pizza. The customer then returned approximately thirty minutes later, paid for a slice of pizza with two dollars, and then left again. The customer returned approximately five minutes later and told Hegab that he paid for the slice of pizza with a twenty dollar bill and a one dollar bill and that Hegab had given him the wrong amount of change.

(7) Hegab disagreed with the customer, who began screaming at Hegab. The customer then punched Hegab and jumped over the counter. Hegab ran into a cooler at the back of the store. When Hegab came out of the cooler, he saw the

_____

[2] Trial was subsequently rescheduled for September.

3

customer try to open the cash register, throw the cash register onto the floor, and continue trying to open the cash register. Video surveillance footage of the incident showed Hegab and the customer arguing and the customer jumping over the counter.

(8) Hegab testified that he did not see the customer take any money, but that money located near the cash register was missing. Hegab also testified that his phone, which had been near the cash register, was missing. After viewing a photographic line-up prepared by the police, Hegab identified a photograph of Smith as the customer who confronted him. Hegab also identified Smith in the courtroom. The jury found Smith guilty of Attempted Robbery in the Second Degree and Criminal Mischief.

(9) Smith's sentencing was originally scheduled for December 13, 2013, but the Superior Court continued the sentencing hearing so that DPC could evaluate Smith's competency to be sentenced. DPC was unable to make a finding on Smith's competency to be sentenced because Smith refused to take part in the evaluation. The Superior Court proceeded to sentence Smith on March 13, 2014. The sentencing order required, among other things, Smith to participate in any recommended mental health or substance abuse treatment and to take all medication prescribed.

4

(10) On appeal, Smith's arguments may be summarized as follows: (i) the indictment was faulty; (ii) there was no preliminary hearing; (iii) there was an interpreter for Hegab's cross-examination, but not his direct examination; (iv) the Superior Court included a jury instruction for the lesser included offense of Attempted Robbery in the Second Degree without any request for such an instruction by the State; (v) the jury instructions were incomplete and did not include an instruction for mitigating evidence; (vi) prosecutorial misconduct; (vii) judicial misconduct; (viii) the State failed prove Smith's guilt of Robbery in the Second Degree beyond a reasonable doubt; and (ix) ineffective assistance of counsel.

(11) Smith first claims the indictment was not sufficiently specific as to the charge of Robbery in the Second Degree. Smith did not challenge the specificity of the indictment before trial and therefore waived his right to assert that claim.[3] A waived challenge to an indictment will only be reviewed if the indictment cannot, by the most liberal construction, be read to have provided notice.[4]

---

[3] Super. Ct. Crim. R. 12(b)(2) (providing that defenses and objections based on defects in indictment must be raised before trial); *Howard v. State*, 2009 WL 3019629, at *4 (Del. Sept. 22, 2009) (holding defendant who did not challenge indictment pre-trial waived right to challenge specificity of indictment).

[4] *Howard v. State*, 2009 WL 3019629, at *4 (citing *Malloy v. State*, 462 A.2d 1088, 1092 (Del. 1983)).

(12)  Count I of the indictment included the statutory citation for Robbery in the Second Degree (11 *Del. C.* § 831) and alleged that Smith "on or about the 27th day of October, 2012, in the County of New Castle, State of Delaware, when in the course of committing theft, did use or threaten the immediate use of force upon Gamal Hegas[sic] with intent to prevent or overcome resistance to the taking of property or to the retention therefore immediately after the taking."[5]  This count was sufficient to put Smith on notice of the charge of Robbery in the Second Degree and to allow him to prepare his defense.

(13)  Smith next claims that he did not waive his right to a preliminary hearing and that the lack of a preliminary hearing was a violation of due process. Under Superior Court Criminal Rule 5(d), a preliminary hearing is not held if the defendant is indicted before the date set for the preliminary hearing.  An indictment eliminates the need for a preliminary hearing.[6]  Smith was indicted three days after his arrest and therefore was not entitled to a preliminary hearing.[7]

(14)  Smith next claims he suffered prejudice because he had to use an interpreter for the cross-examination of Hegab and the prosecution did not have to use an interpreter for the direct examination of Hegab.  Smith did not object to the

---

[5] *State v. Smith*, Cr. ID No. 1211004907, Docket Entry No. 1 (Del. Super. Ct.).

[6] *Smith v. State*, 344 A.2d 251, 253 (Del. 1975); *Jenkins v. State*, 305 A.2d 610, 615 (Del. 1973).

[7] *Id.*

6

use of an interpreter during the cross-examination of Hegab and therefore this claim is subject to plain error review.[8] Plain error exists when the error complained of is apparent on the face of the record and is so prejudicial to a defendant's substantial rights as to jeopardize the integrity and fairness of the trial.[9]

(15) The record reflects that Hegab's first language was Arabic. Before his direct examination, Hegab told the clerk who was administering the oath that his English was good, but to speak slowly because he did not understand the clerk. Hegab was able to answer the prosecutor's questions during his direct examination, but stated that he had trouble understanding the questions of Smith's counsel during cross-examination and requested a translator. The Superior Court asked the parties if they objected to the retention of an Arabic interpreter and the parties stated that they did not. An Arabic interpreter was obtained and Hegab's cross-examination resumed with the aid of the interpreter on the next day of trial.

(16) Smith does not claim there were any errors in the interpreter's translation or otherwise explain how he was prejudiced by the use of an interpreter during his counsel's cross-examination of Hegab. Given Hegab's statements that he could not understand the questions of defense counsel during cross-examination, it appears that an effective cross-examination would have been

---

[8] *Knox v. State*, 29 A.3d 217, 222-23 (Del. 2011).

[9] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

difficult without an interpreter. Under these circumstances, the use of an interpreter during the cross-examination of Hegab did not constitute plain error.

(17) The record does not support Smith's claim that the Superior Court included a jury instruction for Attempted Robbery in the Second Degree without any request for such an instruction from the State. After granting Smith's request, over the objections of the State, for jury instructions on the lesser included offenses of Theft and Offensive Touching, the Superior Court asked the parties for their position on whether to include jury instructions for Attempted Robbery in the Second Degree and Attempted Theft because those offenses also qualified as lesser included offenses of Robbery in the Second Degree. The State indicated that if there were going to be instructions for Theft and Offensive Touching, then they also wanted an instruction for Attempted Robbery in the Second Degree. Smith objected to a jury instruction for Attempted Robbery in the Second Degree, but the Superior Court held that an attempted crime is a lesser included offense of the crime and there was a rational basis for the jury to find that Smith had attempted to steal money out of or near the cash register and Hegab's cell phone. We conclude that Smith's claim that the Superior Court improperly included a jury instruction for Attempted Robbery in the Second Degree without any request for such an instruction from the State to be without merit.

(18) Smith also claims that the jury instruction for Robbery in the Second Degree was incomplete and that the jury instructions should have included a "mitigating evidence instruction." Smith does not explain why he believes the jury instruction for Robbery in the Second Degree was incomplete and there is no indication that the jury instruction was incomplete. As to Smith's contention that the Superior Court erred in failing to give a "mitigating evidence instruction," Smith does not identify the "mitigating evidence instruction" he believes should have been given. Based upon our review of the record, we conclude that the Superior Court did not err in failing to give a *sua sponte* "mitigating evidence instruction."

(19) Smith contends there was prosecutorial misconduct because: (i) the prosecutor withheld exculpatory evidence from the jury by not showing surveillance video of Smith's first two transactions in Star Pizza; (ii) the prosecutor repeatedly referred to Smith hitting Hegab; (iii) the prosecutor stated that Hegab was guilty during his closing argument; and (iv) the prosecutor disparaged the reasonable doubt standard in his rebuttal by describing reasonable doubt as a "classic" defense that may "hook" an unsuspecting juror. Because Smith did not object to the purported prosecutorial misconduct at trial, and the Superior Court

judge did not intervene *sua sponte*, we review the alleged misconduct for plain error.[10] There is no plain error here.

(20) Smith does not explain how video of his first two transactions in Star Pizza was favorable or material to his defense. Hegab testified about his previous dealings with Smith at Star Pizza on October 28, 2012 and Smith's claim that Hegab had not given him the proper amount of change in the second transaction. As to the prosecutor's references to Smith hitting Hegab, the threat or use of force is an element of Robbery in the Second Degree[11] and Hegab testified that Smith punched him. The prosecutor's references to Smith hitting Hegab did not constitute prosecutorial misconduct.

(21) In his closing argument, the prosecutor argued that if the jury made certain factual findings (such as Smith using force against Hegab or stealing something), then the jury should find Smith guilty of certain charges. A prosecutor may make arguments based on evidence admitted at trial and the reasonable inferences that flow from that evidence.[12] The prosecutor's statements were based on evidence or reasonable inferences flowing from the evidence presented at trial

---

[10] *Baker v. State*, 906 A.2d 139, 150 (Del. 2006).

[11] 11 *Del. C.* § 831(a) (stating person is guilty of robbery in second degree when in course of committing theft they use or threaten immediate use of force to prevent or overcome resistance to taking of property).

[12] *Morris v. State*, 795 A.2d 653, 659 (Del. 2002).

and did not imply that the State had superior knowledge that was not before the Superior Court. Finally, the trial transcript does not support Smith's argument that the prosecutor disparaged the reasonable doubt standard during his rebuttal by describing the standard as a "classic" defense that may "hook" an unsuspecting juror.

(22) Smith next alleges judicial misconduct based upon: (i) newspaper reports relating to the sentencing of a different defendant; (ii) a different Superior Court judge's actions in *Butler v. State*;[13] (iii) the retention of an interpreter for Hegab's cross-examination; and (iv) the Superior Court judge's involvement in the mental health court program and alleged knowledge of Smith's mental health issues based upon on his previous participation in the mental health court program. Smith does not explain how the sentencing of a different defendant has anything to do with his convictions and sentencing in this case and, contrary, to his contentions, this case is not similar to the *Butler* case. We have already addressed the retention of an interpreter for Hegab's cross-examination. As to Smith's mental health issues, the record reflects that there was no request for a competency hearing after DPC submitted its evaluation of Smith's competency to stand trial and Smith refused to participate in DPC's evaluation of his competency for

---

[13] 95 A.3d 21 (Del. 2014) (concluding that unusual and improper actions of Superior Court judge required reversal of defendant's convictions).

11

sentencing. Having carefully reviewed the record, we conclude that Smith's claims of judicial misconduct are without merit.

(23) In arguing that the State failed to prove his guilt of Robbery in the Second Degree beyond a reasonable doubt, Smith ignores that the jury found him guilty of Attempted Robbery in the Second Degree, not Robbery in the Second Degree. Finally, Smith contends that his counsel was ineffective because he failed to present a defense based upon Smith's mental illness. This Court will not consider a claim of ineffective assistance of counsel on direct appeal if that issue has not been decided on the merits in the Superior Court.[14]

(24) This Court has reviewed the record carefully and has concluded that Smith's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Smith's counsel has made a conscientious effort to examine the record and the law and has properly determined that Smith could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[14] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).