**In the Matter of the Petition of APPLI-CANT NO. 5 TO the 1994 DELAWARE BAR AND PROFESSIONAL CONDUCT EXAMINATIONS.**

No. 489, 1994.

Supreme Court of Delaware.

Submitted: May 3, 1995.

Decided: May 15, 1995.

David A. Boswell, Schmittinger & Rodriguez, P.A., Wilmington, for petitioner.

Donald E. Reid, Wilmington, for Bd. of Bar Examiners.

Before WALSH, HARTNETT and BERGER, JJ.

WALSH, Justice:

This is an appeal pursuant to Supreme Court Rule 52(f) from a decision of the Board of Bar Examiners of the State of Delaware ("Board") which denied a petition for reconsideration of petitioner's failing grades in the 1994 Bar Examination. The petitioner, who has been accorded anonymity under the number assigned him in the examination, contends the Board acted arbitrarily in not affording him additional examination time to accommodate his disability of dyslexia. Alternatively, petitioner argues that he has demonstrated his competence to practice law in Delaware, and this Court should order his admission notwithstanding the Bar examination results. We conclude that the Board did not act unfairly in its accommodation of petitioner's disability, and that the record does not support the granting of a waiver of the objective standards for admission to the Bar.

I

Petitioner first sought admission to the Delaware Bar in 1993 when he applied to sit for the Bar Examination, consisting of the Multistate Bar Examination ("MBE"), the essay sections and the Professional Conduct Examination. As permitted under Rule 15 of the Board of Bar Examiners Rules,[1] the petitioner requested special accommodations because he "has been diagnosed as being dyslexic." Petitioner recited that he had been consistently granted time and one-half to take exams in law school as well as in the SAT and LSAT examinations. Petitioner's specific request was that he be granted "Extra time to take the Bar Exam (namely, time

and ½) and, a sequestered room to take the examination." Petitioner also sought "confidentiality and anonymity" with respect to the request and "the facts supporting it."

In support of his request for special accommodations, petitioner supplied an undated letter from a physician, Harold N. Levinson, M.D., a New York psychiatrist who specializes in dyslexia, which stated that petitioner suffered from "Dyslexia secondary to a Cerebellar–Vestibular Dysfunction," and that "[o]ral, untimed tests, as well as tapes for the blind would be very beneficial." Petitioner also supplied a 1982 letter from his high school guidance counselor which recited that petitioner exhibited "a learning disability in the visual memory and visual sequencing areas." Also submitted by petitioner was a letter from his law school's registrar attesting to the fact that petitioner had been allowed time and one-half for all of his law school examinations.

The Board granted petitioner's request for special accommodations for the 1993 bar examination by affording him time and one-half for each essay session and providing him with a separate room. Petitioner failed both the MBE and the essay portion of the 1993 examination.

Petitioner filed a timely application to take the 1994 examination but did not petition for special accommodations. Despite his failure to so request, the Secretary of the Board wrote to petitioner on June 3, 1994, to call his attention to his failure to request special accommodations for the upcoming examination. Petitioner was requested to notify the Board by July 1, 1994, "[i]f you wish such accommodations." In response, petitioner requested the same special arrangements as were granted in 1993: "Extra time to take the 1994 DE Bar Exam (namely, time and ½) and a sequestered room to take the examination." On July 6, 1994, the Board granted the special accommodations as requested,

---

1. Rule 15(a) provides:
   (a) **Requests for Special Accommodations.** The Bar Examination and Professional Conduct Examination shall be administered in a manner that does not discriminate against individuals with disabilities. An applicant who is otherwise eligible to take the Bar Examina-

tion and/or the Professional Conduct Examination may request reasonable special accommodations with respect to the manner in which the examination is administered, if, by virtue of a temporary or permanent disability, the applicant is unable to take the examination under normal testing conditions.

*i.e.*, time and one-half for the Professional Conduct and the essay portions of the examination.

Petitioner passed the MBE portion of the 1994 Bar Examination with a score of 161 (the minimum passing score is 130) but failed the essay portion with an average score of 63.2 (a minimum average score of 65 is required). Petitioner also failed the Professional Conduct examination. Petitioner then filed a "petition for Regrade" with the Board in which he recited that he believed "mistakes were made by the bar examiners in grading questions in the subjects of evidence and criminal law, as well as other subjects." The Board denied the petition for review for failure to comply with Board Rule 22, *i.e.*, petitioner had identified himself by revealing his name rather than his examinee number only. On December 8, 1994, petitioner, through counsel, filed a "Petition for Reconsideration of Petition for Review" which: (a) recited petitioner's history of dyslexia; (b) requested excusal of his error in not complying with the Board Rule 22 because he was under medication at the time of filing; (c) sought consideration of an amended petition for regrading based on fatigue factors and the Board's failure to accommodate his disability; and (d) requested a recalculation of his essay scores by striking low scores or adding five-point increments to compensate for his disability-based fatigue.

The Board rejected the Petitioner's request for reconsideration as untimely under Supreme Court Rule 52(f). The Board did, however, regrade his answers to questions 5 and 6, as requested in his initial petition, and determined that petitioner was not entitled to further credit. Petitioner then appealed to this Court as permitted under Supreme Court Rule 52(f).

## II

■ In exercising appellate review of actions of the Board of Bar Examiners, this Court performs a limited role. The primary function of the Board is the administering of tests for measuring professional competence in order to determine which applicants possess the minimal competence for the practice of law. *In re Reardon*, Del.Supr., 378 A.2d 614, 617 (1977). Unless it is demonstrated that the Board has discharged its responsibility in an arbitrary, fraudulent or unfair manner, this Court will not interfere with the Board's determination of competence. *In re Fischer*, Del.Supr., 425 A.2d 601 (1981). Where bar examination procedures, as distinguished from grading, are called into question, this Court's inquiry is whether the Board's procedures are rationally related to the testing purpose. If so, this Court will not disturb the testing result since the "Constitution does not require a perfect test nor does it require perfect examiners." *In re Reardon*, 378 A.2d at 619.

■ Before addressing the merits of the appeal, we note the Board's contention that petitioner has waived his claim of entitlement to additional accommodations by not disputing the time and one-half arrangement granted both in 1993 and 1994 and, in particular, by not raising any such question in his November 17, 1994 initial petition to the Board seeking a regrading. The Board correctly points out that it was not until petitioner filed his amended petition, beyond the time permitted by Rule 52(f), that he first complained of inadequate accommodations. While we agree that the Board's position is technically correct, we note the Board's own action in reaching the merits of the regrading request despite the untimeliness of the amended petition. Moreover, the Board's initial rejection of the petitioner's untimely petition for regrading recited a failure "to comply with BR22" without a specific recital of what portion of Board Rule 22 was implicated. Finally, we note petitioner's claim that he was under medication at the time of the filing of his November 17, 1994 petition, a contention not disputed by the Board. Under all the circumstances, and consistent with the Board's own action in considering the merits of the amended petition, we do not deem the petitioner's claim of lack of special accommodations to have been waived.

Petitioner's basic grievance is that the Board did not sufficiently accommodate his disability by granting him double time to take the examination. Specifically, petitioner contends that, while the Board granted him time and one-half for the examination in both

1993 and 1994, it should have recognized the fatigue factor that the longer examination periods entail and extended the three days of examination to four days. In support of his claim, petitioner relies upon a July 19, 1994 letter ruling of the Civil Rights Division of the U.S. Department of Justice which advised the Committee of Bar Examiners of the State of California that bar applicants seeking one and one-half times for testing should also receive additional testing days. The ruling in question suggests that the failure to provide such accommodations may constitute a violation of Title II of the Americans with Disabilities Act of 1990 ("ADA").

■ The question of whether the Board's procedures or practices are unfair to a disabled applicant must be resolved on the basis of the Board's action on the record before us. While a ruling of the Department of Justice may be pertinent, and even dispositive, when it is directed to a specific complaint before it, it does not control the appropriateness of the Board's action here. Petitioner twice sought special testing accommodations from the Board in the form of time and one-half and an isolated location. Both requests were granted as requested for the 1993 examination, as well as the 1994 examination. Indeed, the Board itself initiated the special arrangement for the 1994 examination. Petitioner never requested additional testing days, nor expressed any dissatisfaction with his special accommodations until his amended petition in December, 1994.[2]

Our review of the record, as supplemented by the affidavits and submissions of the parties, leads us to the conclusion that the Board accommodated petitioner to the full extent of his request. These accommodations were consistent with his known disability and the pattern of testing he experienced in law school. While it may be, as petitioner's medical submissions indicate, that he might have benefited from additional test days to lessen his fatigue, such information was made available to the Board post hoc. Not only is

there no basis in this record to conclude that the Board acted unfairly in response to petitioner's disability, there is clear evidence that the Board granted to another applicant in the 1994 examination the specific accommodations that petitioner now seeks. To the extent petitioner failed to request that which the Board was willing to grant, his plight is one of his own making.

### III

Petitioner argues that, notwithstanding the Board's efforts to accommodate his disability, the Court should exercise its plenary power to grant him admission because he has demonstrated his competence under the standard set forth in *In re Rubenstein*, Del.Supr., 637 A.2d 1131 (1994). In *Rubenstein*, this Court ruled that the Board's decision to grant a disabled applicant additional time for one portion of the bar examination while denying additional time for the remainder was manifestly unfair. Here, the Board granted petitioner the full extent of the special accommodations, as to time and place, that he requested. *Rubenstein* is clearly distinguished factually from the circumstances of this case and is not viewed as general authority for waiver of admission standards. *In re Murray*, Del.Supr., 656 A.2d 1101, 1103 (1995).

■ In the absence of a determination of unfairness or arbitrariness, this Court will not exercise its plenary authority to grant admission to a Bar applicant who has not satisfied the standards that govern admissions generally. This Court has observed that "neither the Board nor the Court can undertake, as a general function, the granting of bar admissions on waiver of minimum competence standards." *In re Fischer*, 425 A.2d at 603. We recognize petitioner's attainments in successfully passing the Pennsylvania bar examination and the high score achieved by him in the 1994 MBE portion of the examination, but this Court's decisional

---

**2.** Petitioner claims that his request for time and one-half was based on his being informed that untimed or double-time testing would not be granted by the Board. Board personnel who spoke to petitioner have submitted affidavits in which they deny advising petitioner that the un-

timed or double-time testing was not an option, or that the Board had any policy against such an accommodation. In fact, the Board did grant one applicant more than time and one-half, as well as additional testing days at the 1994 examination.

standards do not permit the granting of relief "to applicants with distinguished credentials who have missed any of the Board's criteria by even the slightest of margins" in the absence of unique or unusual circumstances. *In re Murray*, 656 A.2d at 1104 n. 10.

Finally, we note petitioner's allegation that the Board disregarded the results achieved by certain applicants to Essay Question No. 11 because that question was deemed defective. Apparently, petitioner's assertion is not based on first hand knowledge, and he sought discovery from the Board to pursue his claim. We denied such discovery as not authorized in the absence of a *prima facie* showing of impropriety. *See In re Petty*, Del.Supr., 410 A.2d 1021, 1024 (1980). In any event, the Board has responded to this allegation by an affidavit which recites that: (i) the average score of all applicants on Question No. 11 on the 1994 Bar Examination was higher than the average score on three other questions on that exam and (ii) the Board did not disregard any applicant's score on Question No. 11. Since it clearly appears that petitioner's claim that the Board acted arbitrarily in its grading of Question No. 11 is without foundation, there is no basis for review of the Board's grading procedures. *Cf. In re Reardon*, 378 A.2d at 617.

In sum, we conclude that the petitioner has failed to demonstrate unfairness or arbitrariness on the part of the Board with respect to either the accommodations afforded him in connection with his disability or in the grading of his examination. Accordingly, we AFFIRM the decision of the Board.

We assume that if petitioner wishes to sit for the 1995 Bar Examination, he will promptly apply for such accommodations as his disability requires. To that end, the Board is directed to waive any applicable time requirements which would otherwise preclude petitioner from sitting for the 1995 examination.