**APPLICANT NO. 26 TO the 2000 DE-LAWARE BAR EXAMINATION,** Applicant Below, Appellant,

v.

**BOARD OF BAR EXAMINERS OF the DELAWARE SUPREME COURT,** Examiner Below, Appellee.

No. 529, 2000.

Supreme Court of Delaware.

Submitted: June 20, 2001.
Decided: Aug. 30, 2001.

710207, No. 108, 2001, Holland, J. (June 21, 2001).

David A. Boswell, of Schmittinger & Rodriguez, P.A., Rehoboth Beach, for Appellant.

Donald E. Reid, of Wilmington, for Appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE, Justices, constituting the Court en Banc.

PER CURIAM:

In this appeal, we again consider whether an applicant who fails the Delaware Bar Examination is entitled to challenge her grade, either by petitioning the Board of Bar Examiners to regrade the exam or by proceedings in this Court. Following settled law, we hold that an unsuccessful applicant to the Delaware Bar has no right to a hearing or other review of the Board's decision absent a claim that the Board acted in an arbitrary, fraudulent or unfair manner. Applicant No. 26 has not made any such allegations with respect to the administration or grading of her Bar Examination. Accordingly, Applicant No. 26's petition for discovery and regrading is denied.

### Factual and Procedural Background

Applicant No. 26 sat for the Delaware Bar Examination, for the second time, in July 2000. She was notified in October 2000 that she failed, with a total scaled score of 142.86. The minimum passing score was 145. Applicant No. 26 thereafter requested and received copies of her answers, the scores she received for each answer, and two representative passing answers for each question. Applicant No. 26 also requested her scoring sheets and information about the Board's scoring procedures. She explained that she intended to ask that her exam be regraded if she found any grading errors. The Board did not provide the applicant's scoring sheets and it advised her that, since the rule governing regrading was deleted in 1999, the Board's decision was final.

### Discussion

Applicant No. 26 argues that the Board's procedures violated her federal constitutional rights to Due Process and Equal Protection of the laws. She says it is manifestly unfair, arbitrary and capricious to be told that she failed the Bar Examination without being given the information needed, or the opportunity, to challenge that determination. Applicant No. 26 suggests that there could have been a simple error in addition and that it will go uncorrected because the Board refuses to review its grades. Applicant No. 26 also points out that, under prior Board Rule 20, those who missed the passing score by a point or two sometimes gained the needed points during the regrading process permitted under that rule. Now that Rule 20 has been abolished, Applicant No. 26 complains that there is no mechanism to review what may have been faulty grading.

▆▆ It is settled law that "[t]his Court will not set aside the determination of the Board as to an applicant's professional competence unless the applicant demonstrates fraud, coercion, arbitrariness, or manifest unfairness."[1] In addition, an aggrieved applicant may appeal to this Court only if the Board's action affected "substantial rights."[2] It is equally settled law that an applicant who may sit for

---

1. *In re Petition of Rubenstein,* Del.Supr., 637 A.2d 1131, 1134 (1994).

2. Supr. Ct. R. 52(f).

the Bar Examination again has not suffered a deprivation of "substantial rights."[3] Finally, aggrieved applicants are not entitled to discovery absent a *prima facie* showing of impropriety,[4] and they are not entitled to a hearing to challenge their test scores.[5]

In short, Applicant No. 26's arguments about her due process rights, her right to know the "reasons" for the Board's decision that she failed the Bar Examination, and her right to obtain discovery from the Board have been rejected by this Court in the past and nothing in her arguments convinces us that our precedents should be overturned. Applicant No. 26's only remaining argument is that the elimination of Board Rule 20 deprived her of Equal Protection under the 14th Amendment to the United States Constitution. She contends that, since bar applicants in prior years were allowed to seek a regrading of their answers, she, too, must be given that opportunity.

Applicant No. 26's equal protection argument lacks merit. The Equal Protec-

tion clause does not "require identical treatment for all persons without recognition of differences in relevant circumstances."[6] The Board of Bar Examiners' Rules changed in 1999; thereafter, no regrading was permitted. Applicant No. 26 was treated the same as all other applicants for the 2000 Bar Examination when her request for regrading was denied. She has no constitutionally protected right to be treated the same as applicants in prior years whose examinations were governed by different rules. Her rights are fully protected by the opportunity to the take the Bar Examination again.

### Conclusion

Based on the foregoing, pursuant to Supreme Court Rule 52(f), Applicant No. 26's petition is **REFUSED.**

**3.** *In re Petition of Delaney,* Del.Supr., 637 A.2d 826, 1994 WL 35489.

**4.** *In re Petition of Applicant No. 5,* Del.Supr., 658 A.2d 609, 613 (1995).

**5.** *In re Hudson,* Del.Supr., 402 A.2d 369 (1979).

**6.** *Priest v. State,* Del.Supr., 227 A.2d 576, 579 (1967).