**Dale F. JOY, Appellant,**

**v.**

**The SUPERIOR COURT of the State of Delaware et al., Appellees.**

Supreme Court of Delaware.

Nov. 13, 1972.

---

**316**

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for appellant.

Harrison F. Turner, Deputy Atty. Gen., Dover, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

Dale F. Joy has appealed from the denial by the Superior Court of his petition for a writ of prohibition or, in the alternative, for a writ of mandamus. He was arrested on May 16, 1972, upon a charge of possession of certain drugs, a felony. On the same day, a preliminary hearing was held before a Justice of the Peace, who made a finding of probable cause for the accusation, and ordered Joy held for the Superior Court. Within a day or two thereafter, Joy filed his petition in Superior Court; it was denied on May 25, 1972. Meanwhile,

on May 19, 1972, the appellant was indicted by the Grand Jury.

Appellant contends that the preliminary hearing was improperly conducted in that the evidence identifying the drug was purely hearsay.

 It is quite clear that an indictment for a felony by the Grand Jury eliminates the need for a preliminary hearing. United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501 (1935). The indictment itself is in effect a finding of probable cause. Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963). After the return of a True Bill, the Superior Court's jurisdiction is no longer predicated upon the decision of the Justice of the Peace; it is founded upon the indictment. For this reason, the propriety of the Magistrate's decision is moot, and any ruling by us upon the legal question raised could have no effect upon this case. This is not a case of undue delay in the preliminary hearing until after indictment. Compare State v. Wahl, Del.Supr., 263 A. 2d 297, 302 (1970).

The appeal will accordingly be dismissed.