# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 1306024587 |
| | ) | |
| THELINOUS LOVE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### On Defendant's Motion for Production of Police Reports

Submitted: May 14, 2014

Decided: June 28, 2014

### Defendant's Motion is DENIED

Stephen R. Welch, Jr. Esq., Department of Justice, 102 West Water Street, Dover, Delaware 19904, Deputy Attorney General for the State of Delaware.

Lloyd A. Schmid, Esquire, Office of the Public Defender, 45 The Green, Dover, DE 19901, Attorney for the Defendant at time of Preliminary Hearing

Alexander W. Funk, Esquire, Curley & Benton, LLC, 250 Beiser Boulevard, Suite 202, Dover, Delaware 19904, Attorney for the Defendant.

Thomas D. Donovan, Esquire, 424 South State Street, Dover, Delaware 19901, Attorney for the Defendant.

**Reigle, J.**

## PROCEDURE

On October 13, 2013, the defendant, Thelinous Love, was arrested and charged with Home Invasion with Intent to Commit a Felony,[1] Possession of a Firearm During the Commission of a Felony,[2] Conspiracy in the Second Degree,[3] Theft Under $1500,[4] Offensive Touching[5] and Criminal Mischief Under $1000[6] for incidents allegedly occurring on June 25, 2013. On October 18, 2013, this Court held a preliminary hearing to determine if there was probable cause to believe that the offenses had been committed and if the defendant had committed them.[7] At the hearing, defense counsel moved for the Court to compel the State to produce police reports written during the investigation, pursuant to Court of Common Pleas Criminal Rules of Procedure 5.1 and 26.2. The State objected. The Court reserved decision on the motion. The Court denied defense counsel's motion for a continuance of the preliminary hearing pending the Court's decision on the grounds that it would not be in the interests of justice to delay the defendant's case. At the conclusion of the preliminary hearing, the Court found that the State had established probable cause to support the charges against Mr. Love and his case was transferred to Superior Court. Written submissions on the issue of production of the police reports were subsequently made by the Deputy Attorney General and defense counsel.[8] Mr. Love was indicted on January 6, 2014 and his case is currently pending in Superior Court.

---

[1] Del. Code Ann. tit. 11, § 826.
[2] Del. Code Ann. tit. 11, § 1447.
[3] Del. Code Ann. tit. 11, § 512.
[4] Del. Code Ann. tit. 11, § 841.
[5] Del. Code Ann. tit. 11, § 601.
[6] Del. Code Ann. tit. 11, § 811.
[7] Ct. Com. P. Crim. R. 5.1(a).
[8] Initially this issue was raised in two cases in which a public defender represented defendants before this Court during preliminary hearings. Both cases were transferred to Superior Court. The other defendant, Quaheem Hall, (C.A. 1310003660) pled guilty in Superior Court and his motion was rendered moot. In the case of Thelinous Love, the public defender was replaced twice by private court-appointed counsel due to asserted conflicts of interest. The Court provided all counsel the opportunity to submit argument before a final decision was made.

At the preliminary hearing, Detective Mark Csapo of the Delaware State Police testified as the State's only witness. He stated that the initial investigation of the alleged crime was performed by responding patrol officers. As a member of the Criminal Investigations Unit, Detective Csapo conducted the follow-up investigation. He testified that, prior to the hearing, he reviewed the reports of the responding patrol officers and prepared his own report that incorporated their reports. He did not testify from his report and his recollection was not refreshed by his report.[9]

Prior to cross-examination of Detective Csapo, defense counsel moved for the production of the report prepared by Detective Csapo, and for the production of any reports prepared by the responding patrol officers incorporated by Detective Csapo into his report, pursuant to Court of Common Pleas Criminal Rules of Procedure 5.1 and 26.2. The State objected to a compelled blanket production of the police reports. The Court reserved decision and requested written argument by counsel. In subsequently filings, defense counsel argued that pursuant to *Jencks v. United States*[10] and *Hooks v. State*,[11] at every stage of the prosecution, including preliminary hearings, the State is required to turn over any written or recorded statements made by the State's witness regarding the subject matter of the witness' direct examination upon a motion by the defendant. The State subsequently conceded that, subject to conditions, police reports may be required to be produced under Court Rules, but, the State argued production was limited to those police reports written by Detective Csapo, in the possession of the State on the date of the previous preliminary hearing and for use for impeachment purposes only. The State also argued that the issue became moot pursuant to the Court's finding of probable cause and the defendant's subsequent indictment.

---

[9] *See* D.R.E. 612.
[10] *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).
[11] *Hooks v. State*, 416 A.2d 189, 200 (Del. 1980).

3

# THE JENCKS RULE

In *Jencks v. United States*, the United States Supreme Court created what became known as the "Jencks rule," which requires the government to turn over statements made by a witness to defense counsel for use during cross-examination of a government witness. It was determined that this procedure was necessary for defense counsel to have all of the information that it needed to potentially impeach a witness.[12]

The "Jencks rule" was later limited and codified in the federal "Jencks Act,"[13] and narrowed in *Palermo v. United States*.[14] It was also subsequently adopted as part of the Federal Rules of Criminal Procedure.[15] The Delaware Supreme Court officially adopted the "Jencks rule" in *Hooks v. State*.[16] Delaware also incorporated it into its Rules of Criminal Procedure in the Superior Court[17] and the Court of Common Pleas.[18] The relevant portion of Court of Common Pleas Criminal Rule 26.2 states:

> **Rule 26.2. Production of statements of witnesses.**
>
> (a) *Motion for production*. **After a witness other than the defendant has testified on direct examination, the Court, on motion of a party who did not call the witness, shall order the Attorney General or the defendant and the defendant's attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified . . . .[19]**

This Rule essentially spells out the procedure to be used by counsel and the Courts to follow the "Jencks rule."

---

[12] *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).

[13] 18 U.S.C.A. § 3500 (1957)

[14] *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959).

[15] Fed. Crim. R. 26.2 (enacted in 1980).

[16] *Hooks v. State*, 416 A.2d 189, 200 (Del. 1980).

[17] Super. Ct. Crim. R. 26.2.

[18] Crt. Com. P. Crim. R. 26.2.

[19] Ct. Comm. P. Crim. R. 26.2 (emphasis added).

## APPLICATION IN A PRELIMINARY HEARING

There are many cases which discuss the applicability of the "Jencks Rule" in a trial.[20] However, the rule also applies in preliminary hearings in the federal courts[21] and the Delaware Courts.[22] The relevant portions of Rules 5.1 and 26.2 of the Court of Common Pleas Criminal Rules of Procedure mirror the Federal Rules of Criminal Procedure.[23] The logic of the extension of the rule was discussed by the Advisory Committee in the adoption of the Federal Rules. Rule 26.2 was extended to preliminary hearings through Rule 5.1 due to the "compelling need for accurate information affecting a witness' credibility . . . [at preliminary hearings] where both the prosecution and defense have high interests at stake."[24] "There is a continuing need for information affecting the credibility of witnesses who present testimony and that need exists without regard to whether the witness is presenting testimony at a pretrial hearing, at a trial, or at a post-trial proceeding."[25]

Court of Common Pleas Criminal Rule of Procedure 5.1 outlines the rule for Preliminary hearings in this Court and it incorporates the "Jencks Rule." The relevant portion states:

> **Rule 5.1. Preliminary hearing.**
>
> (d) *Production of statements*. (1) In general. Rule 26.2(a)--(d) and (f) applies at any hearing under this rule, unless the court, for good cause shown, rules otherwise in a particular case. (2) Sanctions for failure to produce statement. If a party elects not to comply with an order under Rule 26.2(a) to deliver a statement to a moving party, the court may not consider the testimony of a witness whose statement is withheld.[26]

This Rule specifically extends the "Jencks rule" to the preliminary hearing.

---

[20] *See Zdina v. State*, 694 A.2d 845, 1997 WL 328593, at *2 (Del. 1997.
[21] Fed. Crim. R. 5.1.
[22] Ct. Comm. P. Crim. R. 5.1.
[23] *See* Fed. Crim. R. 5.1, 26.2; Ct. Com. Crim. R. 5.1, 26.2.
[24] Fed. Crim. R. 5.1 Advisory Committee Notes, 1998 Amendments; Fed. Crim. R. 26.2 Advisory Committee Notes, 1998 Amendments.
[25] *See* Fed. Crim. R. 26.2 Advisory Committee Notes, 1993 Amendments.
[26] Ct. Com. P. Crim. R. 5.1(d) (emphasis added).

## USE OF POLICE REPORTS

The cases of *Jencks*[27] and *Hooks*[28] involved civilian witnesses that were called by the government to testify and the Courts held that their statements had to be turned over to the defense. Statements made by police witnesses are also subject to the same rule regarding examination of statements by the defense for purposes of impeachment.[29] The request for a complete production of all police reports simply because a police officer has testified at a hearing, however, is too broad of a request. The Delaware Rules of Evidence do not require that the State make such a production of any and all police reports.[30] "A preliminary hearing . . . is not a discovery mechanism for defendants."[31] The State is required to produce certain statements under the rules of discovery;[32] however, that production is triggered after a written request for discovery and a response from the State, which is typically after a preliminary hearing is over.

The "general statutory aim" of Jencks material is for purposes of impeaching the credibility of a witness.[33] In accordance with that purpose, "only those statements which could properly be called the *witness' own words* should be made available for the purposes of impeachment."[34] Rules 5.1 and 26.2 provide defense counsel with an opportunity to conduct a meaningful cross-examination at the preliminary hearing stage by enabling defense counsel to use prior written statements by the police officer to impeach the officer during cross-examination.[35]

---

[27] *Jencks,* 353 U.S. at 657.
[28] *Hooks,* 416 A.2d 189.
[29] *See United States v. Valdez-Gutierrez,* 249 F.R.D. 368 (D. N.M. 2007).
[30] *See* D.R.E. 612.
[31] *United States v. Ramos,* 2013 WL 1776047, at *1 (D. R.I. 2013). *Jenkins v. State,* 305 A.2d 610, 615 (Del. 1973).
[32] *See* Ct. Com. Crim. R. 16.
[33] *Palermo v. United States,* 360 U.S. 343, 349 (1959).
[34] *Palermo,* 360 U.S. at 352 (emphasis added).
[35] Ct. Com. P. Crim. R. 26.2, 5.1.

When defense counsel requests production of such a statement, the Court must first determine whether the police report in question qualifies as a "statement" of the police officer.

Rule 26.2 defines a **statement of a witness** as follows:

(f) *Definition.* As used in this rule, a "statement" of a witness means:
(1) A written statement made by the witness that is signed or otherwise adopted or approved by the witness;
(2) A substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical, or other recording or a transcription thereof; or
(3) A statement, however taken or recorded, or a transcription thereof, made by the witness to a grand jury.[36]

Under the rules and the case law, it is clear that a written statement in a police report made directly by a police officer who testifies at a preliminary hearing is subject to production to defense counsel. However, statements not made directly by the police officer may also be subject to production. If a police report contains statements made by other officers, other than made by the testifying officer, the statements may still be considered the testifying witnesses' statements under Rule 26.2. The Court must determine whether the police reports drafted by other officers, which were incorporated into the police report and reviewed prior to testifying at the preliminary hearing, may be properly offered as a statements of the testifying officer. The Federal Courts have recognized "a limited joint investigation doctrine . . . i.e., a report is a Jencks statement even if the testifying witness did not author the report, if the testifying witness participated in the investigative activity specified in the report and concurs in the report's accuracy."[37] "The only situations in which [federal courts] have held that a testifying witness adopted a statement or report prepared by someone else is where the testifying witness either had some part in making the statement or report or the testifying witness participated in conducting

---

[36] Ct. Com. P. Crim. R. 26.2(f) (emphasis added).
[37] *Begaye*, 236 F.R.D. 448, 452 (D. Arizona 2006).

7

the underlying investigation and later approved the accuracy of the contents of the statement or report of the investigation."[38] There must be some evidence that the testifying officer intended to be held accountable for the statement sought in the event that he did not author it himself.[39] Merely reviewing a report drafted by a third-party officer is *not* sufficient to qualify as a statement adopted or approved by the officer testifying on the stand.[40]

## ANALYSIS IN THIS CASE

In this case, Detective Csapo testified that he was not involved in the initial investigation made by the responding patrol officers, nor was he involved in drafting the responding patrol officers' reports. Detective Csapo only became involved in this matter after the responding patrol officers completed their initial investigation and reports. While Detective Csapo did review the reports made by the responding patrol officers, prior to writing his own report and prior to testifying at the hearing, it cannot be construed that merely reviewing the reports demonstrated his intent to be held accountable for their contents. Detective Csapo cannot vouch for the accuracy of the responding patrol officers' police reports because he was not involved in their initial investigation, and thus lacks the personal knowledge to confirm or deny the veracity of the information contained therein. The reports made by the responding patrol officers would not facilitate the defendant's effort to impeach the credibility of Detective Csapo. Therefore, the Court denies the defendant's request for production of the responding patrol officers' police reports as a statement of Detective Csapo pursuant to Rule 26.2.

Portions of the police reports authored by Detective Csapo qualify as his own statement. Therefore, assuming that the police reports were written and in the possession of the State at the time of the preliminary hearing, the Court finds that defense counsel should have been able to

---

[38] *Valdez-Gutierrez*, 249 F.R.D. at 369-72; S*ee United States v. Sink*, 586 F.2d 1041, 1050-51 (5th Cir. 1978)
[39] *United States v. Gotchis*, 803 F.2d 74, 77-8 (2nd Cir. 1986).
[40] *Gotchis*, 803 F.2d at 78.

obtain the portions of Detective Csapo's police reports regarding the subject matter of his direct testimony after his testimony concluded. The State was not required to turn over the police report for the defense to retain indefinitely. Rules 5.1 and 26.2 are only intended to be used to obtain witness statements to facilitate impeachment on cross-examination. Rule 26.2 explicitly states that a statement must be produced "for the *examination and use* of the moving party."[41] Thus, even if the portions of Detective Csapo's report that qualified as his statement were produced at the preliminary hearing for review, defense counsel would not have been permitted to retain the statement or report at the conclusion of his cross-examination.

## REMEDY

"[V]iolations of the *Jencks* rule are subject to harmless error analysis."[42] "In performing a harmless error analysis, the 'reviewing court must consider both the importance of the error and the strength of the other evidence presented at trial' to determine whether the error may have affected the judgment."[43] The Delaware Supreme Court has also held that "Rule 5.1 has no application after indictment."[44] "It is quite clear that an indictment for a felony by the Grand Jury eliminates the need for a preliminary hearing."[45] Therefore, in light of the defendant's indictment on January 6, 2014, any alleged error made by the Court at the preliminary hearing was rendered moot.[46]

---

[41] Ct. Com. P. Crim. R. 26.2(a) (emphasis added).
[42] *Zdina*, at *2 (citations omitted).
[43] *Zdina*,. at *2 (citations omitted).
[44] *Jenkins*, 305 A.2d 610, at 615.
[45] *Jenkins* at 615 *(citing Joy v. Superior Court*, 298 A.2d 315 (Del. 1972).
[46] *See Brown v. State*, 2008 WL 5308097, at *2 (Del. Dec. 22, 2008) (TABLE); *Joy*, 298 A.2d at 315.

## CONCLUSION

The motion to compel the production of the police reports is denied.

**IT IS SO ORDERED.**

*Anne Hartnett Reigle*

_____

The Honorable Anne Hartnett Reigle