IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CONRITH A. SHAW, | § |
| | § No. 208, 2024 |
| Defendant Below, | § |
| Appellant, | § Court Below–Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID No. 2207003653 (S) |
| STATE OF DELAWARE, | § |
| | § |
| Appellee. | § |

Submitted: July 24, 2024
Decided:    September 25, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) Conrith Shaw appeals the Superior Court's denial of his motion for correction of an illegal sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Shaw's opening brief that his appeal is without merit. We agree and affirm.

(2) In January 2023, a Superior Court grand jury charged Shaw by indictment with five counts of second-degree rape. On August 9, 2023, Shaw entered a "no contest" plea to one count of second-degree rape. In exchange for his plea, the State agreed to dismiss the remaining charges and cap its sentencing

recommendation to fifteen years of incarceration. Following a presentence investigation, the Superior Court sentenced Shaw to fifteen years of incarceration followed by decreasing levels of supervision. Shaw did not appeal his conviction or sentence.

(3) In March 2024, Shaw filed a motion for the correction of an illegal sentence under Superior Court Criminal Rule 35(a). In the one-page motion, Shaw claimed that his attorney had "forged" a form waiving Shaw's right to a preliminary hearing and prosecution by indictment and consenting to the State proceeding by information. Shaw also asserted that his sentence violates the Double Jeopardy Clause and is internally contradictory. Shaw included with his motion a copy of the grand jury's indictment with the notation, "No Signatures!!! Or Date." On April 16, 2024, the Superior Court denied the motion. In so doing, the Superior Court declined to address Shaw's argument that his preliminary hearing had been impermissibly waived because "that happened in the Court of Common Pleas."[1] The Superior Court also told Shaw that the signature page of the grand jury's indictment is "not allowed to be shared."[2] Finally, the Superior Court noted that trial counsel had filed the waiver form because she believed a plea deal had been reached; after plea

---

[1] State's Mot. to Affirm, Ex. A.
[2] *Id.*

2

negotiations fell apart, the waiver was withdrawn and the State proceeded to present its case to the grand jury. This appeal followed.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5) In his opening brief on appeal, Shaw argues that the denial of his Rule 35(a) motion was an abuse of discretion because: (i) the Superior Court "refused" to address Shaw's argument that his attorney improperly waived his right to a preliminary hearing and prosecution by indictment on his behalf, and (ii) the Superior Court's explanation for the grand jury's "fatally defective indictment" was flawed. We find no merit to Shaw's arguments.

(6) The narrow function of Rule 35(a) is to permit the correction of an illegal sentence.[6] A motion for correction of an illegal sentence presupposes a valid

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] *Id.*

conviction and is not a means for a defendant to raise allegations of error in the proceedings leading to his conviction.[7] In other words, the use of a Rule 35(a) motion to challenge the validity of the grand jury's indictment falls outside the limited scope of Rule 35(a).[8] And by pleading guilty,[9] Shaw waived his right to "challenge any errors or defects before the plea, even those of constitutional dimension."[10] In any event, even assuming *arguendo* that trial counsel did not have Shaw's permission to waive his right to a preliminary hearing or prosecution by indictment, Shaw suffered no harm because that waiver was withdrawn and the State proceeded to prosecute Shaw by indictment. Once the grand jury indicted Shaw, moreover, any need for a preliminary hearing was eliminated because "[t]he indictment itself is in effect a finding of probable cause."[11] To lay to rest any remaining concerns Shaw may have concerning the legitimacy of the grand jury's indictment, the Court has reviewed the Superior Court's file and can confirm that the grand jury's indictment is time-stamped January 9, 2023, and bears the signatures of the grand jury foreperson, the grand jury secretary, and the prosecuting deputy

---

[7] *Id.*

[8] *Warnick v. State*, 2017 WL 1056130, at *1 (Del. Mar. 20, 2017).

[9] A "no contest" plea has the same legal effect of a guilty plea. *See Palmer v. State*, 2022 WL 871024, at *2 (Del. Mar. 23, 2022).

[10] *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004); *Melton v. State*, 2013 WL 4538071, at *1 ("Because [the defendant] pleaded guilty to the charges against him, he has waived any claim of a double jeopardy violation.").

[11] *Joy v. Superior Ct.*, 298 A.2d 315, 316 (Del. 1972) ("It is quite clear that an indictment for a felony by the Grand Jury eliminates the need for a preliminary hearing.").

attorney general. The Court has also carefully reviewed Shaw's sentence and finds it to be legal in all respects.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice