# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                     )
      v.                 )      I.D. # 1104009042
                                     )
JASON GRZYBOWSKI,        )
                                     )
      Defendant.       )

## ORDER DENYING DEFENDANT'S FIFTH MOTION FOR CORRECTION OF ILLEGAL SENTENCE

Having considered Jason Grzybowski's ("Grzybowski") Rule 35(a) motion to vacate his sentence, for the reasons that follow, the motion is **DENIED**.

*Introduction*

1.      After the United States Supreme Court's decision in *Erlinger v. United States*[1] in June 2024, many Delaware inmates filed motions under Superior Court Criminal Rule 35(a) arguing that their sentence was illegal. Due to the significant number of motions seeking relief under *Erlinger*, the Court coordinated with counsel to establish a consolidated briefing schedule for a subset of the cases (*i.e.,* the Bellwether Cases).[2] Many of the remaining motions, including this one, were stayed pending the ruling on the Bellwether Cases.

---

[1] 602 U.S. 821 (2024).

[2] *State v. Larrice S. Asberry*—ID No. 9705019895, *State v. Ansara M. Brown*—ID No. 1205025968A, *State v. Michael D. Chambers*—ID No. 0311009491A, *State v. Joshua A. Chattin*—ID No. 1510013711A, *State v. Troy M. Dixon*—ID No. 1211005646A, *State v. James J. Durham*—ID No. 1003006262, *State v. Gigere F. Jackson*—ID No. 1707014544, *State v. Roger*

1

2. Upon further review of Grzybowski's motion, the Court has determined that *Erlinger* is not implicated and therefore, there is no need to wait for a ruling in the Bellwether Cases. Accordingly, the stay is hereby lifted.

**Procedural and Factual Background**

3. In October 2011, Grzybowski pled guilty to Burglary Second, Theft, and Conspiracy Second.[3] The Burglary Second charge carried a sentence of 0 to 8 years at Level V.[4] In the Plea Agreement, Grzybowski agreed that he was eligible to be sentenced as a Habitual Offender. As Grzybowski acknowledged on the Truth-In-Sentencing form, he faced 8 years to life at Level V on the Burglary Second charge, which reflected the charge's sentencing range as a Habitual Offender. The State agreed to cap its recommendation of Level V time at 15 years.

4. In December 2011, the State filed a Motion to Declare Jason R. Grzybowski a Habitual Offender, pursuant to 11 *Del. C.* § 4214(a). The Habitual Offender motion was predicated on the following three felony convictions:[5]

---

*L. Johnson*—ID No. 9908000065, *State v. Tyrone A. Miles*—ID No. 0709015392A, *State v. Kori A. Thomas*—ID Nos. 1705004684 / 1705004742, *State v. Jeffrey W. Thomas*—ID No. 1403008516, and *State v. Daemont L. Wheeler*—ID No. 0911008949.

[3] D.I. 35.

[4] Burglary Second is a Class D felony. 11 *Del. C.* § 825. As a Class D felony, the Court may impose a sentence of up to 8 years in prison. 11 *Del. C.* § 4205(b)(4).

[5] D.I. 36.

| Offense | Offense Date | Conviction Date | Sentence Date |
|---|---|---|---|
| Burglary Third Degree | Sept. 24, 1999 | Jan. 24, 2000 | Oct. 6, 2000 |
| Burglary Second Degree | Jan. 7, 2008 | Sept. 23, 2008 | Sept. 23, 2008 |
| Escape Second Degree | July 7, 2010 | July 30, 2010 | July 30, 2010 |

5.      At the April 20, 2012 sentencing hearing, the Court granted the State's motion, declaring Grzybowski a Habitual Offender. Grzybowski was sentenced to 18 years at Level V on the Burglary Second charge.[6]

6.      On July 9, 2012, Grzybowski filed a Motion for Correction of Illegal Sentence (the "First Motion"),[7] asserting that his sentence was illegal because the Habitual Offender motion was filed by a Deputy Attorney General and not the Attorney General. Therefore, he argued, his Level V time should be reduced to 8 years. The Court summarily dismissed the First Motion, finding that the Habitual Offender motion was properly filed.[8]

7.      On December 27, 2016, Grzybowski filed another Rule 35(a) Motion for Correction of Sentence (the "Second Motion"),[9] again challenging the enhancement of his sentence. On May 1, 2017, the Court summarily denied the

---

[6] D.I. 39. He was sentenced to Level V time for the Theft and Conspiracy Second charges, which were suspended for supervision at Levels IV and III.
[7] D.I. 40.
[8] D.I. 41.
[9] D.I. 42.

Second Motion because the Habitual Offender motion was properly filed, and the sentence was proper.[10]

8.     On April 16, 2020, Grzybowski filed another Rule 35 motion (the "Third Motion").[11]   This motion challenged his sentence under the Habitual Offender statute based on a newly enacted statutory amendment.  The amendment permitted eligible defendants to petition the Court for a sentence modification. Grzybowski asked to be sentenced on the Burglary Second charge without an enhancement.

9.     On July 30, 2020, the Court summarily dismissed the Third Motion,[12] explaining that under the amendment, eligible defendants were permitted to petition the Court through counsel.  The Third Motion was filed by Grzybowski *pro se*, which was not permitted.[13]

10.     On September 9, 2021, Grzybowski filed a Motion to Proceed *Pro Se* for Relief under Title 11 Section 4214(f).[14]  On December 16, 2021, the Court denied this motion, explaining that Grzybowski was not eligible for relief under Section 4214(f)[15] because he had not been sentenced to a minimum sentence of not less than

---

[10] D.I. 44.
[11] D.I. 45.
[12] D.I. 49.
[13] *Id.*  The Court forwarded the Third Motion to the Office of Defense Services and suggested that Grzybowski contact that office.
[14] D.I. 50.
[15] D.I. 52.

the statutory maximum penalty for a violent felony.[16]  As Grzybowski was advised at his plea hearing, he faced a minimum of 8 years and a maximum of life imprisonment for the Burglary Second charge.  The sentencing judge did not impose the maximum (life imprisonment), but rather, sentenced Grzybowski to 18 years.[17]

11.     On June 13, 2024, Grzybowski filed another Rule 35(a) motion (the "Fourth Motion"),[18] again challenging his sentence as illegal under the Habitual Offender statute.  This time, Grzybowski argued that the sentence was illegal because "[t]here must be a form of release between conviction[s]" and he was serving a sentence for his 2008 Burglary Second conviction when he was charged with Escape Second.  Therefore, he asserted, he should not have been sentenced as a Habitual Offender.

12.     The Court denied the Fourth Motion because Grzybowski misconstrued the Habitual Offender statute.  Contrary to his assertion, the statute does not require that the defendant complete his prior sentence before a subsequent offense becomes an eligible offense under the Habitual Offender statute.

13.     On January 14, 2025, Grzybowski filed a Motion to Vacate[19] and Motion to Amend Motion to Vacate[20] (together, the "Fifth Motion").  Grzybowski

---

[16] *Id.*
[17] *Id.*
[18] D.I. 53.
[19] D.I. 56.
[20] D.I. 57.  The motions were stayed on March 14, 2025.

argues that under *Erlinger,* any factual question as to whether a defendant may be declared a Habitual Offender must be presented to a jury. Because he was denied the right to have a jury determine the necessary factual findings for increased punishment under the Habitual Offender statute, he argues that his sentence must be vacated.

14. Grzybowski also argues that before a defendant may be subjected to enhanced sentencing, the potential enhancement must be presented to the grand jury. Because the "Grand Jury never made a decision as to the enhancement within the indictment that would sentence the defendant outside the statutory maximum ranges . . . for Burglary in the Second Degree, deeming the defendant a Habitual Offender[,]" his Constitutional rights were violated.[21]

***Standard of Review***

15. Under Superior Court Criminal Rule 35(a), the Court "may correct an illegal sentence at any time."[22] Rule 35(a) relief is limited to instances "when the sentence imposed exceeds statutorily-authorized limits, [] violates the Double Jeopardy Clause, . . . is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by

---

[21] D.I. 57.
[22] Super. Ct. Crim. R. 35(a).

statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize."[23]

16.     Under Delaware's Habitual Offender statute, 11 *Del. C.* § 4214, when a defendant is convicted of the requisite number of felonies, he/she may be declared a Habitual Offender.  The Delaware Supreme Court has made clear that "when a procedurally adequate petition demonstrating the existence of the requisite number of prior felony convictions is filed – this Court's declaration of habitual criminal status is *not* discretionary."[24]  Thus, "where the State initiates the Habitual Offender process, the court is limited to granting only the result sought by the State."[25]

*Discussion*

17.     The Court does not need to address Grzybowski's argument under *Erlinger.*  In the Plea Agreement, Grzybowski agreed that he was eligible to be sentenced as a Habitual Offender "due to the following felonies: Escape Second (2010) Burglary Second (2008) Burglary Third (2000)."  Grzybowski also acknowledged in the Truth-In-Sentencing form that he was facing statutory penalties for Burglary Second of 8 years to life in prison.  Grzybowski further acknowledged in the Truth-In-Sentencing form that he was waiving his right to a jury trial.  Having

---

[23] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citations omitted).  *See Ellerbe v. State*, 155 A.3d 1283 (TABLE), 2017 WL 462144, at *1 (Del. Feb. 2, 2017).

[24] *State v. Peters*, 283 A.3d 668, 690 (Del. Super. 2022) (citing *Reeder v. State*, 2001 WL 355732, at *3 (Del. Mar. 26, 2001) ("We disagree that habitual offender status is discretionary under § 4214."); *Brown v. State*, 2020 WL 609646, at *2 (Del. Feb. 7, 2020)).

[25] *Id.* (citation omitted).

admitted he was subject to Habitual Offender sentencing, Grzybowski cannot now claim his rights were violated by an enhanced sentencing under the statute.

18.     There is no requirement that a grand jury be presented with the question of whether a defendant is subject to enhanced sentencing.  The purpose of a grand jury is to determine whether there is probable cause to believe that a crime has been committed,[26] and not to make sentencing eligibility determinations.  Furthermore, Grzybowski's guilty plea "'constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea.'"[27]  Thus, Grzybowski waived the alleged defect by his plea.

19.     Grzybowski's sentence was proper under the Habitual Offender statute and therefore, it was legal, and the Motion is *DENIED*.

**IT IS SO ORDERED**.

May 14, 2025

                                                        */s/Kathleen M. Miller*
                                                        Kathleen M. Miller, Judge

Original to Prothonotary
cc:     Jason R. Grzybowski (SBI#00317858)
        Brian Arban, Esq.
        Matthew C. Bloom, Esq.

---

[26] *See Joy v. Superior Court,* 298 A.2d 315 (Del. 1972).

[27] *State v. Evans*, 2024 WL 3691510, at *3 (Del. Super. Aug. 7, 2024) (quoting *State v. Sturgis*, 2018 WL 6046759, at *2 (Del. Super. Nov. 19, 2021)); *Wilson v. State*, 991 A.2d 19 (TABLE), 2010 WL 572114, at *2 (Del. 2010).  *See also State v. Morales*, 2021 WL 1235813, at *2 ("It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, 'even those of constitutional dimensions.'").